UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Plymouth County Retirement System
*Individually and on Behalf of All Other Similarly Situated*,

Plaintiffs,

v.

Patterson Companies, Inc. and Scott P. Anderson,

Defendants.

Case No. 18-CV-00871 (MJD/HB)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR STAY PENDING RULE 23(f) PETITION AND APPEAL**

## INTRODUCTION

Yesterday, Defendants filed a petition under Federal Rule of Civil Procedure 23(f) with the United States Court of Appeals for the Eighth Circuit (Case No. 20-8013), seeking interlocutory review of this Court's decision (the "Order") (ECF No. 175) to certify a class for Plaintiffs' securities fraud claims (the "Petition"). To avoid wasteful and potentially unnecessary litigation, Defendants respectfully request that this Court stay all proceedings in this action pending the Eighth Circuit's decision on the Petition and any ensuing appeal thereafter.

A stay is appropriate for at least three reasons. First, Defendants' Petition raises substantial and novel legal questions that were material to the Court's Order—namely, the standard by which defendants may rebut the fraud-on-the-market presumption of reliance at the class certification stage in light of the Supreme Court's ruling in *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258 (2014) ("*Halliburton II*") and the Eighth Circuit's

decision in *IBEW Local 98 Pension Fund v. Best Buy Co*., 818 F.3d 775 (8th Cir. 2016)

("*Best Buy*"). Second, Defendants and several nonparties would incur significant time and

expense in proceeding with class-wide litigation, all of which could be rendered moot by

the Eighth Circuit's decision. While the harm to Defendants and nonparties in proceeding

would be great, a stay poses no harm to Plaintiffs. Third, expending significant judicial and

administrative resources, which could be potentially unnecessary, does not serve the public

interest.

In *Best Buy*, this Court granted a stay pending defendants' Rule 23(f) petition in the

**same** procedural posture as this action for these **same** reasons. *See IBEW Local 98 Pension*

*Fund v. Best Buy Co., Inc*., No. 11-429 (DFW/FLN), 2014 WL 4540228, at *1-3 (D. Minn.

Sept. 11, 2014) ("*Best Buy (Stay)*"). The Court recognized that the defendants' Rule 23(f)

petition "raise[d] legal issues . . . that have not yet been addressed by the Eighth Circuit"

in a certification of "a large class of plaintiffs and potentially very significant damages"

that substantially "raise[d] the stakes of the litigation." *Id*. at *2. A stay permitted appellate

review of the "evolving and novel issues of law that were material to the Court's decision."

*Id*.  And the harm of "costly discovery and motion practice pending the Eighth Circuit's

decision" not only "weigh[ed] in favor of a stay," but also clearly outweighed the "little

harm to Plaintiffs if a stay [were] issued." *Id*. at *2–3. The same analysis applies here.

Consistent with *Best Buy (Stay)*, and to avoid potentially wasteful litigation,

Defendants respectfully request that the Court stay all proceedings in this action, including

the issuance of any class notice, pending the Eighth Circuit's resolution of the Petition and

any ensuing appeal. A stay pending decisions on the Petition and any appeal would make the best use of the parties' and the Court's resources and would not prejudice any party.

Alternatively, if the Court does not stay the entirety of this action, it should at least stay the issuance of class notice. A narrow stay of class notice would avoid the time and expense of initial class notice, which could be rendered unnecessary. It would also avoid the widely recognized risk of confusing class members and the potential need for corrective class notices if the Court's Order is reversed or modified on appeal.

## BACKGROUND

The Court is familiar with the claims asserted in this litigation and Defendants' opposition to those claims. One of the significant disputes regarding class treatment of the claims is whether Lead Plaintiffs may invoke the fraud-on-the-market presumption of class-wide reliance. As with all securities fraud class actions, class certification is a critical, threshold question. If Lead Plaintiffs are unable to rely on the fraud-on-the-market theory, first announced in *Basic Inc. v. Levinson*, 485 U.S. 224 (1988) ("*Basic*"), to show that the element of reliance is common to all purchasers of Patterson common stock during the class period, then each Plaintiff would need to prove that they individually relied on the alleged misstatements (defeating predominance and class certification). Therefore, whether Plaintiffs may proceed on a class basis will fundamentally shape the rest of fact discovery, expert discovery, summary judgment, and, if necessary, trial.

On September 28, 2020, the Court granted Plaintiffs' motion for class certification, holding that Defendants had failed to rebut the fraud-on-the-market presumption of reliance. (ECF No. 175.) On October 12, 2020, Defendants timely filed the Petition with

the Eighth Circuit under Rule 23(f) seeking interlocutory review of the class-certification Order. (Declaration of Aaron Thomas ("Thomas Decl.") Ex. 1.)

To date, Defendants and several nonparties have undertaken substantial efforts to provide relevant discovery to Plaintiffs. In response to Plaintiffs' 43 documents requests, Defendants have produced over 211,000 documents, comprising over 700,000 pages, from at least 20 agreed-upon custodians and other sources, with substantial completion on August 17, 2020. (Thomas Decl. ¶ 4.) Plaintiffs have also noticed (and taken) the depositions of several employees and former employees of Defendants, as well as Defendants' class certification expert witness. (*Id*. ¶ 5.) Plaintiffs have also issued at least two third-party subpoenas and three requests to two government entities under the applicable government disclosure statutes. (*Id*. ¶ 6.) Those third parties have produced over 10,000 pages of documents, with their productions ongoing. (*Id*.)

Meanwhile, absent a stay, Defendants and nonparties will continue to incur substantial costs while the Petition and any appeal is pending. With a fact discovery deadline currently set for November 23, 2020 (ECF No. 146), discovery in the next six weeks (and potentially beyond) will be significant. Under the operative scheduling order, Plaintiffs may take up to 30 depositions. (ECF No. 129 at 4.) And Plaintiffs only just noticed nine depositions of the following members of Patterson's current and former leadership team to take place during late October and November:

- Mark Walchirk, President and Chief Executive Officer of Patterson;

- Tim Rogan, Senior Vice President and General Manager of Sales – North America of Patterson Dental Supplies, Inc.;

- Paul Guggenheim, former President of Patterson Dental and current Regional President – Western Region of Patterson;

- Defendant Scott Anderson, former Chief Executive Officer of Patterson;

- Ann Gugino, former Chief Financial Officer of Patterson;

- Neal McFadden, former President of Special Markets for Patterson;

- David Misiak, former President of Patterson Dental Supplies, Inc.;

- James Wiltz, former President and Chief Executive Officer of Patterson; and

- Wesley Fields, former Director of Business Development of Patterson.

(Thomas Decl. ¶ 7.) And within hours of this filing, Plaintiffs also noticed two additional depositions of Patterson's main competitors:

- Benco Dental Supply, Co.; and

- Henry Schein, Inc.

(*Id.* ¶ 8.) All of these fact depositions must be completed by November 23, 2020—the period during which the Eighth Circuit will be considering the Petition. (ECF No. 146.)

In addition to these depositions, the parties and the Court will expend considerable additional resources on other time-intensive matters while the Petition and any appeal is pending. Initial expert reports are currently due on December 21, 2020, rebuttal reports are due on February 1, 2021, and expert discovery, including expert depositions, must be completed by March 15, 2021. (ECF No. 146.) Moreover, the parties will spend significant time and expense in preparing motions for summary judgment, with the opening briefs and supporting papers due on or before April 15, 2021. (*Id.*) Obviously, given the scope of this

dispute, the work on expert discovery and dispositive motions will begin in earnest well before that date.

Although the Court has not yet set a deadline for sending notice to the class members, Defendants anticipate that Plaintiffs will seek judicial approval to transmit such notice soon. There will be significant effort and cost associated with drafting, approving, and disseminating the class notice to thousands of individuals and entities. Finally, with the trial-ready date in this matter of August 16, 2021, (*id.*), the parties will incur significant trial preparation expenses while the appeal is pending—all of which could be rendered moot if the Petition is granted and Defendants prevail on appeal.

## ARGUMENT

## I.   STANDARD FOR STAY OF PROCEEDINGS

This Court has broad discretion to manage the conduct of litigation before it. *Lunde v. Helms*, 898 F.2d 1343, 1354 (8th Cir. 1990) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). That discretion includes the inherent power to stay cases where doing so will promote the efficient use of the court's and the parties' time and effort. *Lunde*, 898 F.2d at 1354; *Stearns v. NCR Corp.*, No. CIV. 98-2348(JRT/FLN), 2000 WL 34423090, at *2 (D. Minn. Oct. 11, 2000) (granting motion to stay pending outcome of interlocutory appeal because "in the absence of a stay the parties could be required to invest the unnecessary time and resources"); *Unison Co. v. Juhl Energy Dev., Inc.*, No. 13–3342 ADM/JJK, 2014 WL 2565652, at *3 (D. Minn. June 6, 2014) (granting motion to stay during pendency of appeal, noting "[t]he Court has the inherent power to stay an action to

control its docket, conserve judicial resources, and provide a just determination of the case"
(citation omitted)).

Under Rule 23(f), "[a]n appeal does not stay proceedings in the district court unless
the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f). But the purpose
of the rule is "to protect parties from the expenditure of resources on a class action that
may be substantially altered on appeal." *Best Buy (Stay)*, 2014 WL 4540228, at *1 (citing
*In re Lorazepam & Clorazepate Antitrust Litig*., 208 F.R.D. 1, 6 (D.D.C. 2002) (noting that
"[b]ecause partial reversal is a plausible outcome and the impact of such a reversal is
potentially dispositive" a stay pending resolution of Rule 23(f) petition was appropriate
"for the sake of preserving the resources of the parties and this Court")). For that reason,
courts routinely stay proceedings pending the outcome of a Rule 23(f) petition and the
ensuing appeal.[1]

 Upon a motion for stay while a Rule 23(f) petition or an interlocutory appeal of a
class certification order is pending, courts consider whether:

> (1) the [moving] party is likely to succeed on the merits of its appeal; (2) the
> party will be irreparably injured unless the stay is granted; (3) the non-
> moving party will not be substantially injured by granting the stay; and (4)
> the public interest will not be harmed by granting the stay.

---

[1]     *See, e.g., Best Buy (Stay)*, 2014 WL 4540228; *Stearns v. NCR Corp.*, No. CIV. 98-
2348 (JRT/FLN), 2000 WL 34423090, at *1 (D. Minn. Oct. 11, 2000); *Custom Hair
Designs by Sandy, LLC v. Cent. Payment Co*., No. 8:17-cv-310, 2020 WL 5250492 (D.
Neb. Sept. 3, 2020); *Stuart v. State Farm Fire & Cas. Co*., No. 4:14-cv-4001, 2017 WL
5952872 (W.D. Ark. Jan. 25, 2017); *Perrin v. Papa Johns Int'l, Inc*., No. 4:09-CV-01335
AGF, 2014 WL 306250, at *1 (E.D. Mo. Jan. 28, 2014); *Whitlock v. FSL Mgmt., LLC*, No.
3:10-CV-00562-JHM, 2012 WL 6675124, at *1 (W.D. Ky. Dec. 21, 2012).

*Best Buy (Stay)*, 2014 WL 4540228, at *1 (citing *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011)). Under this test, the court considers the relative strength of each factor and "balanc[es] them all." *Brady*, 640 F.3d at 789 (citations omitted). Each of these factors supports a stay here.

## II.   THE COURT SHOULD STAY THESE PROCEEDINGS PENDING DEFENDANTS' RULE 23(f) PETITION AND APPEAL

### A.   Defendants' Petition Raises Substantial and Novel Legal Questions

The Court should stay these proceedings while the Eighth Circuit considers Defendants' Petition (and, if granted, while the appeal is pending) because the Petition raises substantial and novel legal questions that were material to the Court's certification Order—namely, the proper application of the *Basic* fraud-on-the-market presumption in securities class actions in light of the Supreme Court's ruling in *Halliburton II* and the Eighth Circuit's decision in *Best Buy*.

As to the first relevant factor for entry of a stay, "likelihood of success on the merits," courts have found that it weighs in favor of a stay where the Rule 23(f) petition "involves the determination of substantial and novel legal questions," regardless of the probability of the petition succeeding. *Lakehead Pipe Line Co. v. Inv. Advisors*, 900 F. Supp. 234, 235 (D. Minn. 1995) (internal quotation marks and citations omitted) (recognizing that "even the most self-effacing of Courts would be reluctant to concede that a challenge to its ruling had a likelihood of success"); *see also Stuart v. State Farm Fire & Cas. Co.*, No. 4:14-cv-4001, 2017 WL 5952872, at *2 (W.D. Ark. Jan. 25, 2017) ("A stay is granted when the appeal presents 'serious' legal issues and the balance of equities favors the moving party. . . .

[T]his factor favors a stay when the moving party presents serious and novel questions which are fair ground for litigation.").

For example, in *Best Buy (Stay)*, this Court granted a stay because "Defendants' petition to appeal the class certification order raise[d] legal issues regarding *Halliburton II* that have not yet been addressed by the Eighth Circuit." *Best Buy (Stay)*, 2014 WL 4540228, at *2. The Court further acknowledged "that the question of certification in this action was difficult and involved evolving and novel issues of law that were material to the Court's decision." *Id*. While the Eighth Circuit has since weighed in on these issues in *Best Buy*, courts have disagreed on the import of the Eighth Circuit's application of *Halliburton II*. *See, e.g., Waggoner v. Barclays PLC*, 875 F.3d 79, 103 n.36 (2d Cir. 2017) (referring to the holding in *Best Buy* as "dictum") (cited with approval in the Court's class certification Order at 32).

Moreover, other circuits continue to grapple with these difficult issues. The Seventh Circuit recently granted interlocutory review of a decision granting class certification that, like the Petition here, raised questions about the standard by which a securities defendant can rebut the *Basic* presumption. *See In re Allstate Corp. Sec. Litig*., 966 F.3d 595, 613-14 (7th Cir. 2020). The Seventh Circuit explained that review under Rule 23(f) was appropriate because the decision presented "several challenging questions about how to apply the '*Basic*' fraud-on-the-market presumption of reliance." *Id*. at 600. In another case, a defendant recently petitioned the United States Supreme Court for a Writ of Certiorari to address the Second Circuit's application of *Best Buy*. *See* Petition for Writ of Certiorari,

*Goldman Sachs Grp., Inc. v. Ark. Teacher Ret. Sys.*, No. 20–222 (S. Ct. filed Aug. 21, 2020). In other words, the issues raised in the Petition are far from settled.

As explained in greater detail in the Petition, (*see generally* Thomas Decl. Ex. 1), the Eighth Circuit may very well conclude that the Second Circuit and other courts have misinterpreted its opinion in *Best Buy*, or diverged from its application of *Halliburton II*, making this Court's reliance on those out-of-circuit opinions erroneous. Indeed, if the Supreme Court grants certiorari in *Goldman Sachs*, it would provide an additional reason to stay this action so that the law on Plaintiffs' and Defendants' respective burdens under Rule 23 and *Halliburton II* is conclusively resolved.

As in *Best Buy (Stay)*, the fact that "the Eighth Circuit may disagree with this Court's conclusions" regarding the "difficult," "evolving," and "novel" issues which the Court analyzed in its class certification Order supports a stay. 2014 WL 4540228, at *2; *see also Stuart*, 2017 WL 5952872, at *3 ("Although the Court carefully considered the issue of class certification, the Court recognizes that, as with any appeal, the Eighth Circuit may disagree with the Court's conclusions."); *Perrin v. Papa John's Int'l, Inc.*, No. 4:09–CV–01335 AGF, 2014 WL 306250, at *2 (E.D. Mo. Jan. 28, 2014) (staying case pending Rule 23(f) appeal where "the Eighth Circuit may disagree" with its resolution of a "difficult" and "close" question); *Custom Hair Designs by Sandy, LLC v. Cent. Payment Co.*, No. 8:17-cv-310, 2020 WL 5250492, at *2-3 (D. Neb. Sept. 3, 2020) (staying case pending appeal under Rule 23(f)).

Based on the substantial and novel legal questions raised in the Petition, the first factor (likelihood of success) for entry of a stay is met.

**B.      The Harm From Proceeding with the Litigation While Defendants' Rule 23(f) Petition and Ensuing Appeal Are Pending Outweighs the Potential Harm from a Stay**

The relative harm to each of the parties in granting or denying a stay—the second and third factors—also weighs in favor of staying the proceedings pending the Eighth Circuit's review of the Petition and any ensuing appeal thereafter.

In *Best Buy (Stay)*, the Court granted a stay to avoid "costly discovery and motion practice pending the Eighth Circuit's decision" on a Rule 23(f) petition. 2014 WL 4540228, at *3. This Court further noted that there would be "little harm to Plaintiffs if a stay is issued" because "[t]here is no reason to think that the Eighth Circuit will not resolve [the] petition in a timely manner." *Id*. The same result is compelled here.

Absent a stay, Defendants and several nonparties would be forced to engage in potentially unnecessary, expensive, and burdensome fact discovery, expert discovery, and motion practice, which constitutes "substantial harm if this action is not stayed pending appeal and the Court is later reversed on the issue of class certification." *Gray v. Golden Gate Nat. Recreational Area*, No. C 08-00722 EDL, 2011 WL 6934433, at *3 (N.D. Cal. Dec. 29, 2011). As previously noted, under the Court's scheduling order, fact discovery must be completed by November 23, 2020 (ECF No. 146), and Plaintiffs have only just noticed eleven depositions of: (i) Patterson's current and former leadership team and (ii) Patterson's two main competitors. (Thomas Decl. ¶¶ 7-8.) Therefore, a significant amount of fact discovery will occur over the next six weeks (including multiple third-party trial depositions), which is precisely the time during which the Eighth Circuit will be reviewing Defendants' Petition. In addition to fact discovery, the parties are already beginning to

prepare for costly expert discovery, including the preparation of expert reports, and motions for summary judgment. (ECF No. 146.) A brief stay of proceedings pending a potentially case-dispositive appeal would avoid imposing what may prove to be needless burdens and expenses of class litigation on the parties and nonparties.

Plaintiffs, on the other hand, would not be prejudiced from a short stay pending the Eighth Circuit's ruling on Defendants' Petition. *See, e.g., Stuart*, 2017 WL 5952872 at *4 ("[T]he harm to Plaintiffs from a stay is outweighed by the potential harm to Defendant from requiring it to proceed with costly class-wide discovery, motion practice, and trial preparation which may be unnecessary if the Eighth Circuit later reverses the Court's class certification ruling."). There is no allegation of ongoing harm in this litigation, and a delay would not affect Plaintiffs' rights or remedies. *See Whitlock v. FSL Mgmt., LLC*, No. 3:10-CV-00562-JHM, 2012 WL 6675124, at *1 (W.D. Ky. Dec. 21, 2012) (harm to plaintiff did not weigh against stay where "Plaintiff does not allege a continuing harm," and "a stay would at most delay the Plaintiffs' recovery of damages for past harm"). In addition, Defendants' Petition is likely to be resolved expeditiously, further minimizing any delay in the litigation. *See Perrin*, 2014 WL 306250, at *3 (finding that little harm would result to plaintiffs from a stay because "the Advisory Committee's note to Rule 23(f) specifically encourages the appellate courts to act expeditiously on petitions for permission to appeal, and there is no reason to think that the Eighth Circuit will not resolve Defendants' appeal petition in a timely manner").

During the parties' October 12, 2020 meet-and-confer, Plaintiffs articulated their position that a stay would not promote notions of judicial and administrative economy

because, from their perspective, fact discovery would remain unchanged in the wake of an order denying class certification. That argument is disingenuous at best. As an initial matter, if the Eighth Circuit determines that a class cannot be certified, then the four named Plaintiffs may only proceed with their *individual* claims. And because the attorneys' fees and costs that would be incurred to conduct the balance of fact discovery in this case will undoubtedly <u>exceed</u> the monetary value of those individual claims, it would be economically impracticable, not to mention disproportionate to the needs of the case, for fact discovery to proceed in the same manner. [2]  Moreover, Plaintiffs' argument fundamentally ignores the reality that go-forward discovery efforts will bear directly on *class certification* issues that will materially inform and affect expert reports, depositions, and arguments raised on summary judgment and at trial.

Plaintiffs' <u>same</u> argument was raised in opposition to the motion to stay in *Best Buy* and rejected by the court in granting defendants' motion to stay pending the Rule 23(f) appeal. *See* Lead Plaintiffs' Opposition to Defendants' Motion to Stay, *IBEW Local 98 Pension Fund v. Best Buy Co., Inc.*, No. 11-429 (DFW/FLN) (D. Minn. March 3, 2014), ECF No. 167, at 6-7; *see also Gray*, 2011 WL 6934433, at *2 (granting stay pending Rule

---

[2]      Indeed, at no point during the class period did the Lead Plaintiffs hold more than 1.75% of Patterson's outstanding common stock. (*See* ECF No. 183-1 at 11 n.24 (noting that there were 80 million shares of Patterson common stock in public hands during the class period) (Plaintiffs' expert report); ECF No. 28-2 at 3 (disclosing that Plaintiff Central Laborers held 1,050 shares before the class period and purchased an additional 24,845 shares during the class period); *id*. at 5 (disclosing that Plaintiff Pembroke Pines held 4,282 shares before the class period and purchased an additional 19,839 shares during the class period); *id*. at 8 (disclosing that Plaintiff Plymouth County held 0 shares before the class period and purchased 28,504 shares during the class period); ECF No. 35-2 at 4 (disclosing that Plaintiff Gwinnett purchased 61,518 shares during the class period).)

23(f) petition and appeal because "[i]t is apparent that the scope of relief would be affected if the class were to be decertified or otherwise limited in scope on appeal").

At bottom, because the parties will be forced to engage in potentially wasteful litigation absent a stay, and because Plaintiffs would not be significantly harmed by a stay, these considerations weigh in favor of staying this action pending the Eighth Circuit's review of Defendants' Petition and any appeal.

### C.    The Public Interest Weighs in Favor of a Stay

Finally, the public interest also favors a stay pending the Petition and any ensuing appeal. Quite simply, it is not in the public interest for the Court to invest substantial time and resources in managing a class action of this magnitude while the class-certification Order is under review by the Eighth Circuit. *See Stuart*, 2017 WL 5952872, at *5 ("[T]he public interest would be best served by conserving judicial resources and promoting judicial economy" where "allowing the case to continue . . . could result in the Court expending duplicative or unnecessary resources by resolving discovery disputes and ruling on motions which may be rendered unnecessary if the Eighth Circuit later reverses class certification."); *Perrin*, 2014 WL 306250, at *7 ("[I]nvesting extensive judicial resources in managing this difficult class action that may prove to be unnecessary would not serve the public interest.").

### III.    CLASS NOTICE IS PREMATURE AND SHOULD BE STAYED WHILE THE RULE 23(f) PETITION AND ENSUING APPEAL ARE PENDING

If the Court does not stay these proceedings pending the Eighth Circuit's review of the Petition and any appeal thereafter, it should, at a minimum, stay any notice to class

members to avoid the potentially unnecessary expenditure of time and expense on initial class notice. Moreover, staying class notice will avoid the unnecessary risk of providing a potentially inaccurate class notice.

When a Rule 23(f) petition is pending, "the district court should ordinarily stay the dissemination of class notice to avoid the confusion and the substantial expense of re-notification that may result from appellate reversal or modification after notice dissemination." MANUEL FOR COMPLEX LITIGATION § 21.28 (4th ed. 2004) (citations omitted); *see also In re Urethane Antitrust Litig.*, No. 04–MD–1616–JWL, 2006 WL 3021126, at *2 (D. Kan. Oct. 23, 2006) (same). "[P]roceeding with class notice while the Rule 23(f) petition is pending could lead to confusion among the public and the absent class members" if the class certification order is ultimately modified or vacated. *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. 88, 94 (D.D.C. 2012). This concern is exacerbated in the context of an opt-out class certified under Rule 23(b)(3), because "voiding a previously issued class notice could create significant issues regarding whether additional action must be taken after any corrective notice is received by the class members." *Whitlock*, 2012 WL 6675124, at *3 (internal quotation marks omitted).

Although the Court has not yet set a deadline for sending notice to the class members, Defendants anticipate that Plaintiffs will seek judicial approval to transmit such notice shortly. The threat of harm from confusion is real. After the Court approves the class notice, it would be sent to thousands of individuals and entities at great expense, which would be wasteful if the Petition is granted and Defendants prevail on appeal.

In addition, if the Court's class certification Order is modified or reversed on appeal, a second notice to the class would be necessary, resulting in potential confusion and a needless waste of additional time and expense by the parties and the Court. *See Brown v. Wal-Mart Stores, Inc.*, No. 5:09–cv–3339–EJD, 2012 WL 5818300, at \*4 (N.D. Cal. Nov. 15, 2012) (staying class notice and concluding that a "curative notice to the class, perhaps many months or more after the initial class notice was disseminated . . . would not be sufficient to stem the confusion that would arise in the event of a change to the class definition or decertification of the class altogether"); *In re Urethane Antitrust Litig.*, 2006 WL 3021126, at \*2 ("[T]he potential confusion that could result if the Tenth Circuit were to vacate or modify the class certification order after notice has already been disseminated to class members counsels against proceeding to issue notice at least until the Circuit has resolved the request to take the appeal.").

The issuance of any class notice at this time could cause immediate and irreparable harm that could be easily avoided by a brief stay until the Eighth Circuit acts on the Rule 23(f) Petition and any ensuing appeal.

## CONCLUSION

For the foregoing reasons, Defendants request a stay of all proceedings in this case pending Defendants' Rule 23(f) Petition and any subsequent interlocutory appeal of the Court's class-certification Order.

Dated:  October 13, 2020

Respectfully submitted,

**TAFT   STETTINIUS   &   HOLLISTER
LLP**

By: *s/ Aaron G. Thomas*
    Patrick S. Williams (#196502)
    Mark G. Schroeder (#171530)
    Aaron G. Thomas (#389011)
    Jordan L. Weber (#396769)
2200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2157
Telephone: (612) 977-8400
Fax: (612) 977-8650
pwilliams@taftlaw.com
mschroeder@taftlaw.com
athomas@taftlaw.com
jweber@taftlaw.com

**ATTORNEYS   FOR   DEFENDANTS
PATTERSON COMPANIES, INC.
AND SCOTT P. ANDERSON**

12870792v4