UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PLYMOUTH COUNTY RETIREMENT
SYSTEM, Individually and on Behalf of
All Others Similarly Situated,

        Plaintiff,

v.        **MEMORANDUM OF LAW & ORDER**
        Civil File No. 18-871 (MJD/HB)

PATTERSON COMPANIES, INC., and
SCOTT P. ANDERSON,

        Defendants.

Lucas F. Olts, Jonah H. Goldstein, Jennifer N. Caringal, Alexi H. Pfeffer-Gillett, and Heather G. Schlesier, Robbins Geller Rudman & Dowd LLP; Anne M. Lockner, Robins Kaplan LLP; Steven B. Singer, Kyla Grant, Joshua Saltzman, Maya Saxena, Joseph E. White, III, Lester R. Hooker, Dianne Anderson, Saxena White P.A.; Garrett D. Blanchfield, Jr. and Brant D. Penney, Reinhardt Wendorf & Blanchfield; and Robert D. Klausner, Klausner, Kaufman, Jensen & Levinson, Counsel for Plaintiff.

Patrick S. Williams, Mark G. Schroeder, Aaron G. Thomas, and Jordan L. Weber, Taft Stettinius & Hollister LLP, Counsel for Defendants.

I.     INTRODUCTION

    This matter is before the Court on Defendants' Motion for Stay Pending

Rule 23(f) Petition and Appeal. [Docket No. 178] The Court denies Defendants'

1

motion because they cannot show irreparable harm; nor can they show a likelihood of success on the merits.

## II. BACKGROUND

The background of this case is set forth in the Court's recent order granting class certification. Plymouth Cty. Ret. Sys. v. Patterson Cos., Inc., No. CV 18-871 (MJD/HB), 2020 WL 5757695 (D. Minn. Sept. 28, 2020).

On September 28, 2020, the Court granted Lead Plaintiffs' Motion to Certify Class and certified a class consisting of:

> all person or entities who purchased or otherwise acquired Patterson Companies, Inc., common stock between June 26, 2013 and February 28, 2018, inclusive (the "Class Period"). Excluded from the Class are Defendants, the officers and directors of Patterson at all relevant times, members of their immediate families, and their legal representatives, heirs, agents, affiliates, successors or assigns, Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof, and any entity in which Defendants or their immediate families have or had a controlling interest.

Plymouth Cty. Ret. Sys., 2020 WL 5757695, at *16.

As relevant to the current motion to stay, in the Court's certification order, this Court found that Plaintiffs have met the predominance requirement of Federal Rule of Civil Procedure 23(b)(3) because Plaintiffs have shown that they are entitled to a presumption of classwide reliance under the fraud-on-the-market theory established in Basic, Inc. v. Levinson, 485 U.S. 224, 247 (1988), and

2

reaffirmed in Halliburton Co. v. Erica P. John Fund, Inc., 573 U.S. 258, 283-84 (2014) ("Halliburton II").

On October 13, 2020 Defendants filed a petition under Federal Rule of Civil Procedure 23(f) with the Eighth Circuit seeking interlocutory review of this Court's decision to certify the class. No. 20-8013 (8th Cir.). Defendants frame the relevant issues for the Eighth Circuit as follows:

> Whether interlocutory review of the district court's class certification order is appropriate under Rule 23(f) to clarify the standard under, and to correct the court's departure from, the Supreme Court's holding in Halliburton II (and this Court's decision in Best Buy) that a plaintiff cannot satisfy Rule 23(b)(3)'s predominance requirement where:
>
> a. defendants rebut the Basic presumption of class-wide reliance by showing, through overwhelming (and undisputed) evidence, that none of the alleged misrepresentations resulted in any increase in the stock price on any of the alleged misrepresentation dates; and
>
> b. defendants rebut the Basic presumption of class-wide reliance by showing, through substantial (and uncontested) evidence, that subsequent declines in the stock price were not connected to any disclosure of new facts that revealed or corrected the falsity of the alleged misrepresentations.

([Docket No. 181] Thomas Decl., Ex. 1, Defs.' Rule 23(f) Petition, at 5.)

Defendants request that this Court stay all proceedings in this action, including dissemination of notice to class members, pending a ruling by the

Eighth Circuit on their petition and appeal. In the alternative, Defendants request that the Court stay dissemination of class notice.

## III. DISCUSSION

### A. Federal Rule of Civil Procedure 23(f)

Federal Rule of Civil Procedure 23(f) provides, in part:

> A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule, but not from an order under Rule 23(e)(1). . . .  An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.

"Rule 23(f) avoids delay not only by limiting class-certification appeals to those permitted by the federal courts of appeals, but also by specifying that '[a]n appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.'" Microsoft Corp. v. Baker, 137 S. Ct. 1702, 1713 n.9 (2017) (citation omitted). "As the rule makes clear, a stay of proceedings pending an appeal from an order granting class certification is an exception to the general rule that the district court proceedings ordinarily continue pending an appeal of certification." In re Wholesale Grocery Prod. Antitrust Litig., No. 09-MD-2090 ADM/TNL, 2016 WL 6246758, at *1 (D. Minn. Oct. 25, 2016); see also Prado-Steiman ex rel. Prado v. Bush, 221 F.3d 1266, 1273 n.8 (11th Cir. 2000) ("Rule 23(f) contemplates that in most cases discovery (at the very least, merits

4

discovery) will continue notwithstanding the pendency of an appeal of the class certification order.").

When deciding whether to issue a stay pending appeal, the Court considers:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987), adopted in Brady v. Nat'l Football League, 640 F.3d 785, 789 (8th Cir. 2011).

> The most important factor is the appellant's likelihood of success on the merits. The movant must show that it will suffer irreparable injury unless a stay is granted. Ultimately, [the Court] must consider the relative strength of the four factors, balancing them all.

Brady, 640 F.3d at 789 (citations omitted). See also, e.g., In re Wholesale Grocery Prod. Antitrust Litig., 2016 WL 6246758, at *1 (applying Brady test to Rule 23(f) stay motion).

### B.  Likelihood of Success on the Merits

The likelihood of success on merits of the appeal at issue here actually has two layers. First, Defendants must succeed as a procedural matter in obtaining permission to appeal this Court's class certification order from the Court of Appeals. Second, assuming they obtain such permission, Defendants must next

succeed as a substantive matter in showing a reversible error by this Court in granting class certification.

In re Lorazepam & Clorazepate Antitrust Litig., 208 F.R.D. 1, 4 (D.D.C. 2002) (citation omitted).

> Rule 23(f) appeals typically are permitted only if (1) a ruling denying class certification would effectively end the litigation; (2) a ruling granting class certification raises the stakes of the litigation so substantially that the defendant likely will feel irresistible pressure to settle; or (3) the appeal would clarify an important, unsettled question of law.

Mayo v. UBS Real Estate Sec., Inc., No. 08-00568-CV-W-DGK, 2011 WL 3109786, at *1 (W.D. Mo. July 26, 2011) (citations omitted).

Defendants claim that their petition raises an important, unsettled legal question that was material to this Court's certification order, namely, when the Basic fraud-on-the-market presumption is rebutted, based on the Supreme Court's ruling in Haliburton II and the Eighth Circuit's decision in IBEW Local 98 Pension Fund v. Best Buy Co., Inc., 818 F.3d 775, 780 (8th Cir. 2016) ("Best Buy").

This is not a case like IBEW Local 98 Pension Fund v. Best Buy Co., No. CIV. 11-429 DWF/FLN, 2014 WL 4540228 (D. Minn. Sept. 11, 2014), in which, six years ago, the district court was applying new Supreme Court law without guidance from the Eighth Circuit.  Here, the Court applied the standards set

6

forth by the Eighth Circuit in Best Buy, including the burden of production standard advocated by Defendants; applied price maintenance theory as it has been broadly accepted by appellate and district courts throughout the country; and made a fact-intensive determination specific to this case. These are the same standards that the Court applied in In re CenturyLink Sales Practices & Sec. Litig., No. CV 18-296 (MJD/KMM), 2020 WL 5517483 (D. Minn. Sept. 14, 2020), a case in which the Eighth Circuit recently denied the defendants' similar Rule 23(f) petition.

Overall, Defendants "merely reassert the same arguments they presented in connection with the class certification motion. As with any appeal, the Eighth Circuit may disagree with this court's conclusions, but that possibility does not amount to a likelihood of success on the merits." Abarca v. Werner Enters., Inc., No. 8:14CV319, 2018 WL 10229729, at *1 (D. Neb. May 21, 2018).

### C. Threat of Irreparable Harm

Defendants fail to show a threat of irreparable harm if a stay is not issued. Defendants complain that they face ongoing discovery. However, fact discovery is substantially complete. Plaintiffs, who face significant individual damages, represent that they will pursue their claims against Defendants even if class

certification is reversed.  Plaintiffs have an incentive to continue this case individually and to pursue robust discovery even without a certified class.

Defendants have failed to show that the scope of discovery would change if the certification order were reversed.  Defendants fail to identify any portion of the remaining discovery expenses and litigation expenses that would be avoided if the claims move forward on an individual basis.  See, e.g., M.B. v. Corsi, No. 2:17-CV-04102-NKL, 2018 WL 5504178, at *5 (W.D. Mo. Oct. 29, 2018) ("Defendants have failed to establish—either through examples of potentially overly broad discovery requests or through relevant case law—that the scope of discovery in this constitutional case would be different if the class were decertified.  Because Defendants have not substantiated their argument that they will be prejudiced if discovery is not stayed, they have failed to establish irreparable harm.").  On the current record, the discovery and litigation expenses that will occur will be useful to the case regardless of how the Eighth Circuit decides the petition and appeal.

### D. Whether Issuance of the Stay Will Substantially Injure Other Interested Parties

This case has been pending for two-and-a-half years.  The events at issue occurred more than seven years ago.  Relevant witnesses' memories are fading.

Further delaying discovery could lead to the inability to locate or obtain relevant testimony from key witnesses. Thus, issuing a stay could irreparably damage Plaintiffs and the class.

### E. Public Interest

The public interest weighs against a stay because private securities fraud actions help "maintain public confidence in the marketplace" by deterring fraud and protecting investors against economic losses caused by misrepresentations. Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 345 (2005). Thus, the public will benefit from learning the truth about the allegations of fraud and from the efficient resolution of this class action lawsuit.

### F. Class Notice

Defendants' alternative argument for a stay of the dissemination of class notice is premature. Plaintiffs have not yet submitted a proposed class notice. The Court has not approved a form of class notice; nor has it set any schedule for a motion to approve class notice. When Plaintiffs file a motion for Court approval of their class notice, the Court will set the schedule for class notice. If, at that time, Defendants' Rule 23(f) petition is still pending before the Eighth Circuit, or if the petition has been granted and an appeal is pending, then this Court can decide whether to delay dissemination of class notice until the Eighth

Circuit has resolved the issues before it. At this time, there is no need to stay the proceedings.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Defendants' Motion for Stay Pending Rule 23(f) Petition and Appeal [Docket No. 178] is **DENIED**.

Dated:  November 9, 2020                s/ Michael J. Davis
                                        Michael J. Davis
                                        United States District Court