UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civ. No. 0:18-cv-00871-MJD-HB |
| | ) | <u>CLASS ACTION</u> |
| Plaintiffs, | ) ) | STIPULATION OF SETTLEMENT |
| vs. | ) ) | |
| PATTERSON COMPANIES, INC., et al., | ) ) | |
| Defendants. | ) ) | |

This Stipulation of Settlement, dated October 11, 2021 (the "Stipulation"), is made and entered into by and between: (i) Lead Plaintiffs Plymouth County Retirement System, Pembroke Pines Pension Fund for Firefighters and Police Officers, Central Laborers Pension Plan, and Gwinnett County Public Employees Retirement System, on behalf of themselves and each Class Member,[1] by and through their counsel of record in the Litigation; and (ii) Defendants Patterson Companies, Inc. ("Patterson" or the "Company") and Scott P. Anderson (together with Patterson, "Defendants"), by and through their counsel of record in the Litigation (the "Settling Parties"). The Stipulation is intended to fully, finally, and forever resolve, discharge, release, settle, and dismiss with prejudice the Litigation and the Released Claims, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.    THE LITIGATION

On March 28, 2018, plaintiff Plymouth County Retirement System filed the above-captioned federal securities class action complaint against Defendants and Patterson's former CFO Ann B. Gugino in the United States District Court for the District of Minnesota (the "Litigation"). ECF No. 1.

On August 30, 2018, the Court appointed Lead Plaintiffs and approved Lead Plaintiffs' choice of Lead Counsel. ECF No. 63.

On November 9, 2018, Lead Plaintiffs filed an amended complaint (the "Amended Complaint") adding as defendants former Patterson CEO James W. Wiltz and former

---

[1]    All capitalized terms not otherwise defined shall have the meanings ascribed to them in §IV.1 herein.

Patterson CFO R. Stephen Armstrong.  ECF No. 74.  The Amended Complaint alleged violation of §10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 against all defendants and §20(a) of the Securities Exchange Act of 1934 against the individual defendants.

Among other things, Lead Plaintiffs allege in the Amended Complaint certain statements in Patterson's Form 10-K filings on June 26, 2013, June 25, 2014, June 24, 2015, June 29, 2016 and June 28, 2017 were false or misleading because Patterson was allegedly involved in an illegal scheme with its largest competitors to boycott organized groups of independent dentists known as Group Purchasing Organizations ("GPOs").  The Amended Complaint further alleges that as a result of the false statements, the price of Patterson common stock was artificially inflated during the Class Period, and that when the truth about the claimed antitrust violations was revealed through three corrective disclosures, the price of Patterson stock declined, thereby damaging the Class Members.

On January 18, 2019, Patterson and the individual defendants filed a motion to dismiss the Amended Complaint.  ECF No. 89.  Lead Plaintiffs filed their opposition brief on March 19, 2019, and Defendants filed a reply to their motion to dismiss on May 3, 2019.  ECF Nos. 100, 101.  A hearing on the motion to dismiss was heard on May 13, 2019.  ECF No. 103.  On July 25, 2019, Magistrate Judge Steven Rau issued a Report and Recommendation that the motion to dismiss should be granted in part and denied in part, and that all claims against individual defendants Gugino, Armstrong and Wiltz should be dismissed.  ECF No. 112.  On September 10, 2019, the Court adopted the Report and Recommendation in all material respects. ECF No. 115.  Defendants answered the Amended

Complaint on September 24, 2019, denying all material surviving allegations of the Amended Complaint and asserting multiple defenses.  ECF No. 116.  Among other things, Defendants contend that they made no materially false or misleading statements, and that they disclosed all information required to be disclosed by the federal securities laws. Defendants also contend that Lead Plaintiffs are unable to meet their burden to prove loss causation or economic loss related to the alleged false or misleading statements.

On February 21, 2020, Lead Plaintiffs moved to certify the class.  ECF No. 134. Defendants took document and depository testimony from Lead Plaintiffs, and on June 18, 2020, filed their opposition to Lead Plaintiffs' motion.  ECF No. 151.  Lead Plaintiffs filed their reply on July 20, 2020, and on September 28, 2020, the Court granted Lead Plaintiffs' motion and certified the Class.  ECF Nos. 156, 175.

The Settling Parties have conducted extensive fact and expert discovery, including depositions, the production and review of documents, and the exchange of expert reports.

On May 17, 2021, Defendants moved for summary judgment and to exclude the testimony of one of Lead Plaintiffs' experts.  ECF Nos. 202, 204, 210, 212.  On June 7, 2021, Lead Plaintiffs filed their oppositions to Defendants' motions (ECF Nos. 219, 220), and on June 21, 2021, Defendants filed their reply briefs.  ECF Nos. 226, 228.  The motions remained pending at the time this Settlement was reached.

On May 25, 2021, the Court approved the form and content of the Notice of Pendency of Class Action (the "Long Class Notice") and the Summary Notice of Pendency of Class Action (the "Summary Class Notice") (collectively, the "Class Notices") to notify potential Class Members of, among other things: (i) the Litigation pending against Defendants; (ii) the

Court's certification of the Litigation to proceed as a class action on behalf of the Class; and (iii) Class Members' right to request to be excluded from the Class, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion. ECF No. 218. The Class Notices informed Class Members that if they chose to remain in the Class, they shall "be bound by all determinations and judgments in this [Litigation], whether favorable or unfavorable." *Id.*, ¶5. The deadline for mailing any requests for exclusion from the Class was August 18, 2021, and seven (7) requests for exclusion from the Class were received in connection with dissemination of the Class Notice. ECF No. 237 at ¶15. Those persons and entities who requested exclusion from the Class are listed in Appendix 1. *See also* ECF No. 237-5.

Regarding settlement negotiations, on November 5, 2019, the Settling Parties participated in a voluntary confidential mediation. The mediation was preceded by submission and exchange of mediation materials by Settling Parties. While the Settling Parties engaged in good-faith negotiations, they did not reach a settlement and continued litigation. On August 3, 2020, Defendants and Lead Plaintiffs participated in another mediation. Prior to this session, the Settling Parties exchanged and submitted supplemental mediation materials to the mediator. Although, the Settling Parties engaged in arm's-length negotiations during the mediation session and, were unable to reach an agreement, they continued settlement discussions. On August 27, 2021, the Settling Parties reached an agreement-in-principle to resolve the Litigation, and executed a Memorandum of Understanding memorializing their agreement. The agreement included, among other things, the Settling Parties' agreement to settle the litigation in return for a cash payment of $63

million for the benefit of the Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court. This Stipulation (together with the Exhibits hereto) reflects the final and binding agreement, and a compromise of all matters that are in dispute, between the Settling Parties.

## II. DEFENDANTS' DENIALS OF LIABILITY

Throughout this Litigation, Defendants have denied, and continue to deny, each and all of the claims and contentions alleged or that could have been alleged by Lead Plaintiffs in the Litigation, as well as any and all allegations of fault, liability, wrongdoing, or damages whatsoever, including the alleged antitrust misconduct. Among other things, Defendants expressly have denied, and continue to deny, that: they made any false or misleading statements; any statement during the Class Period was made with scienter; the price of Patterson common stock was artificially inflated as a result of any materially false or misleading statement or omission; any Class Member, including Lead Plaintiffs, has suffered any damages; or any Class Member, including Lead Plaintiffs, was harmed by any conduct alleged in the Litigation or that could have been alleged therein. Defendants maintain that they have meritorious defenses to the claims alleged in the Litigation.

As set forth below, neither the Settlement itself nor any of the terms of this Stipulation shall be construed or deemed to be evidence of or constitute an admission, concession, or finding of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted in the Litigation. Defendants are entering into this Stipulation solely to eliminate the expense, distraction and inherent uncertainty of taking this matter to trial.

III.   **LEAD PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT**

Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims asserted therein. However, Lead Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation through trial and through appeals. Lead Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in this Litigation. Lead Plaintiffs and Lead Counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation. Lead Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class. Based on their own investigation and evaluation, Lead Plaintiffs and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Lead Plaintiffs and the Class.

IV.   **TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between Lead Plaintiffs (on behalf of themselves and the Class Members) and Defendants, by and through their respective counsel that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties from the Settlement, the Litigation and the Released Claims shall be finally and

fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice upon and subject to the terms and conditions of this Stipulation, as follows:

## 1.    Definitions

As used in this Stipulation the following terms, when capitalized, have the meanings specified below:

1.1    "Authorized Claimant" means any Class Member who submits a valid Claim to the Claims Administrator that is approved by the Claims Administrator or Court for payment from the Net Settlement Fund.

1.2    "Claim(s)" means a paper claim submitted on a Proof of Claim and Release form, substantially in the form attached hereto as Exhibit A-2, or an electronic claim that is submitted to the Claims Administrator.

1.3    "Claimant" means any person who submits a Claim to the Claims Administrator.

1.4    "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.5    "Class" means all Persons who purchased or otherwise acquired Patterson common stock during the Class Period.  Excluded from the Class are: Defendants, the officers and directors of Patterson at all relevant times, members of the immediate families, and their legal representatives, heirs, agents, affiliates, successors or assigns, Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof, and any entity in which Defendants or their immediate families have or had a controlling interest.  Also excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requested exclusion in accordance with the requirements set by the Court in its

Order Granting Class Representatives' Unopposed Motion to Approve the Form and Manner of Class Notice (ECF No. 218) or in accordance with the requirements set forth by the Court in connection with the Settlement.

1.6    "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth in ¶1.5 above.

1.7    "Class Period" means the period between June 26, 2013 and February 28, 2018, inclusive.

1.8    "Defendants" mean Patterson and Scott P. Anderson.

1.9    "Defendants' Counsel" means Taft Stettinius & Hollister LLP.

1.10   "Effective Date," or the date upon which this Settlement becomes "Effective," means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred, or have been waived.

1.11   "Escrow Agent" means the law firms of Robbins Geller Rudman & Dowd LLP and Saxena White P.A. or their respective successor(s).

1.12   "Fee and Expense Application" means the application or applications for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.

1.13   "Fee and Expense Award" means the Court's award of attorneys' fees and expenses and interest thereon to Lead Counsel to be paid from the Settlement Fund.

1.14   "Final" means, with respect to any order or Judgment of the Court, that such order or Judgment represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage of time for seeking appellate review, without action.  Without limitation, an order or Judgment becomes final when:  (a) either no appeal therefrom has been filed and the time has passed for any notice of appeal to be timely filed therefrom; or (b) an appeal has been filed and either (i) the court of appeals has either affirmed the order or Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (ii) a higher court has granted further appellate review and that court has either affirmed the underlying order or judgment or affirmed the court of appeals' decision affirming the judgment or dismissing the appeal.  For purposes of this paragraph, an "appeal" shall include any motion for reconsideration or petition for a writ of *certiorari* or other writ that may be filed in connection with approval or disapproval of this Settlement.  Any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs, or expenses, (ii) the Plan of Allocation (as submitted or subsequently modified), or (iii) the procedures for determining Authorized Claimants' recognized Claims, shall not in any way delay, affect, or preclude the Judgment from becoming Final.

1.15   "Judgment" means the Final Judgment Approving Class Action Settlement to be rendered by the Court, substantially in the form attached hereto as Exhibit B, as well as any form of final judgment that may be entered by the Court in a form other than the form

attached hereto as Exhibit B and where none of the Settling Parties elects to terminate this Settlement by reason of such variance, consistent with the terms of this Stipulation.

1.16    "Lead Counsel" means the law firms of Robbins Geller Rudman & Dowd LLP and Saxena White P.A.

1.17    "Lead Plaintiffs" means Plymouth County Retirement System, Pembroke Pines Pension Fund for Firefighters and Police Officers, Central Laborers Pension Plan and Gwinnett County Public Employees Retirement System.

1.18    "Lead Plaintiffs' Counsel" means all counsel who have appeared in the Litigation on behalf of Lead Plaintiffs.

1.19    "Liaison Counsel" means Robins Kaplan LLP and Reinhardt Wendorf & Blanchfield.

1.20    "Litigation" means the action captioned *Plymouth County Retirement System v. Patterson Companies, Inc., et al.*, Civ. No. 0:18-cv-00871-MJD-HB, pending in the United States District Court for the District of Minnesota.

1.21    "Net Settlement Fund" means the Settlement Fund less: (i) any Court-awarded attorneys' fees, expenses, and interest thereon; (ii) Notice and Administration Expenses (defined in ¶2.9 below); (iii) Taxes and Tax Expenses (defined in ¶2.11(c) below); and (iv) other Court-approved deductions.

1.22    "Person(s)" means an individual, corporation (including all divisions and subsidiaries thereof), limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated

association, government or any political subdivision or agency thereof, and any business or legal entity and all of their respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees when acting in their capacity as such.

1.23    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of this Stipulation and the Released Defendant Parties shall not have any responsibility or liability with respect thereto.

1.24    "Proof of Claim and Release" means the Proof of Claim and Release form for submitting a Claim that a Class Member must complete and submit should that Class Member seek to share in a distribution of the Net Settlement Fund.  The Proof of Claim and Release shall be substantially in the form attached hereto as Exhibit A-2, subject to approval of the Court.

1.25    "Released Claims" means any and all claims and causes of action of every nature and description, whether known claims or Unknown Claims (as defined in ¶1.35 hereof), whether arising under federal, state, local, common or foreign law, that (i) Lead Plaintiffs or any other Member of the Class asserted in the Amended Complaint or could have asserted in any other forum that arise out of or are based upon the allegations, transactions, facts, matters, alleged misrepresentations, or alleged omissions involved, set forth, or referred to in the Amended Complaint against any of the Released Defendant Parties, and (ii) relate to the purchase or acquisition of Patterson common stock during the Class Period.  The Released Claims shall not release or impair:  (i) any claims by Defendants for insurance coverage; (ii) any derivative claims asserted by or on behalf of Patterson's

shareholders; (iii) any claims relating to the enforcement of the Settlement; or (iv) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

1.26    "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Lead Plaintiffs, Lead Plaintiffs' Counsel or any Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

1.27    "Released Defendant Party" or "Released Defendant Parties" mean each and all of Defendants, and all of their current and former insurance carriers, indemnifiers, reinsurers, parents, affiliates, subsidiaries, divisions, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, heirs, principals, trusts, executors, administrators, members, representatives, estates, estate managers, advisors, bankers, consultants, experts, accountants, auditors, employees, immediate family members, and attorneys (including Defendants' Counsel), in their capacities as such, and any entity in which any Defendant has or had a controlling interest.  The Released Defendant Parties other than the Defendants themselves are intended as third party beneficiaries of this Settlement with respect to the release of the Released Claims.

1.28    "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" mean each and every Class Member, Lead Plaintiffs, Lead Counsel, Lead Plaintiffs' Counsel, and each of their current and former insurance carriers, indemnifiers, reinsurers, parents, affiliates, subsidiaries, divisions, officers, directors, agents, successors, predecessors, assigns,

assignees, partnerships, partners, heirs, principals, trusts, executors, administrators, members, representatives, estates, estate managers, advisors, bankers, consultants, experts, accountants, auditors, employees, immediate family members, and attorneys (including Lead Plaintiffs' Counsel), in their capacities as such, and any entity in which any Lead Plaintiff has or had a controlling interest.  Releasing Plaintiff Parties does not include any Person who would otherwise be a Member of the Class but for having validly and timely excluded himself, herself, or itself therefrom.

1.29   "Settlement" means the resolution of the Litigation in accordance with the terms and provisions of this Stipulation.

1.30   "Settlement Amount" means Sixty-Three Million U.S. Dollars (U.S. $63,000,000.00) to be paid by check or wire transfer to the Escrow Agent pursuant to ¶2.2 of this Stipulation.

1.31   "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

1.32   "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.33   "Settling Parties" means, collectively, Defendants and Lead Plaintiffs, on behalf of themselves and the Class.

1.34   "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state, and federal taxes.

1.35   "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Lead Plaintiffs, the Class and Lead Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Lead Plaintiffs, the Class and Lead Plaintiffs' Counsel.  With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Lead Plaintiffs, the Class and Lead Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any

state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiffs, the Class and Lead Plaintiffs' Counsel, known or unknown,

suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## 2.    The Settlement

2.1    The obligations incurred pursuant to the Stipulation are: (a) subject to approval by the Court and the Judgment, reflecting such approval, becoming Final; and (b) in full and final disposition of the Litigation and any and all Released Claims and Released Defendants' Claims upon and subject to the terms and conditions set forth herein.

### b.    The Settlement Amount

2.2    In full and final settlement of the claims asserted in the Litigation and in consideration of the releases specified in ¶¶4.1-4.4 herein, Defendants shall pay or shall cause the Settlement Amount to be paid by check or wire transfer within thirty (30) business days of August 27, 2021.  The Escrow Agent shall deposit the Settlement Amount plus any accrued interest in a segregated escrow account (the "Escrow Account") maintained by the Escrow Agent.

2.3     Other than the obligation to pay or cause to be paid the Settlement Amount into the Settlement Fund set forth in ¶2.2 herein, the Released Defendant Parties shall have no responsibility, liability or obligation whatsoever to anyone with respect to: (i) the Settlement Fund, the Net Settlement Fund or the Escrow Account; (ii) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (iii) the management, investment, allocation, use, disbursement, administration or distribution of the Settlement Fund; (iv) the Plan of Allocation; (v) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (vi) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vii) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

2.4     Other than the obligation to pay or cause the payment of the Settlement Amount in accordance with the terms of ¶2.2, Defendants shall have no further or other liability or obligation to Lead Plaintiffs, Lead Counsel or any Class Member with respect to the Released Claims, except as expressly stated herein.

### c.     The Escrow Agent

2.5     The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.2 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, and shall reinvest the

proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Defendant Parties shall have no responsibility for, interest in, or liability or obligation whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for the actions of the Escrow Agent.

2.6    The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the prior written agreement of Defendants' Counsel.

2.7    Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation. The Released Defendant Parties shall have no responsibility, liability or obligation whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for any transaction executed by the Escrow Agent.

2.8    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds are either distributed or returned pursuant to this Stipulation and/or further order(s) of the Court.

2.9     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants and/or order of the Court, reasonable costs and expenses actually incurred in connection with providing notice of the Settlement by mail, publication, and other means, locating potential Class Members, assisting with the submission of Claims, processing Proof of Claim and Release forms, administering the Settlement, and paying escrow taxes, fees and costs, if any ("Notice and Administration Expenses").

2.10    It shall be Lead Counsel's responsibility to disseminate the Notice (as defined in ¶3.1 below), Proof of Claim and Release, and Summary Notice (as defined in ¶3.1 below) to potential Class Members in accordance with this Stipulation and as ordered by the Court. The Released Defendant Parties shall have no responsibility, liability or obligation whatsoever with respect to the notice process or the Notice and Administration Expenses, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto, including any claims that may arise from any failure of the notice process. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for any acts, omissions, or determinations made in the notice process and any Notice and Administration Expenses.

### d.     Taxes

2.11    The Settling Parties agree as follows:

(a)     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1, and the regulations promulgated thereunder, and agree not to take any position

for Tax purposes inconsistent therewith. The Settling Parties and the Escrow Agent further agree that the Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treas. Reg. §1.468B-1(c)(1). In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.11, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treas. Reg. §1.468B-2(k)(3)) shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the elections described in ¶2.11(a) hereof) shall be consistent with this ¶2.11 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.11(c) hereof.

(c)     All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties or their counsel with respect to any income earned by the Settlement Fund for any period after the deposit of the

Settlement Amount and during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.11 (including, without limitation, reasonable expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.11) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events, the Released Defendant Parties and their counsel shall have no responsibility, liability or obligation whatsoever for the Taxes or the Tax Expenses. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court. The Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay any Taxes and Tax Expenses, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)). Neither the Released Defendant Parties nor their counsel are responsible nor shall they have any liability or obligation whatsoever for any Taxes or Tax Expenses. The Settling Parties hereto agree to provide commercially reasonable cooperation to the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.11.

2.12   This is not a claims-made settlement.  As of the Effective Date, the Released Defendant Parties, and/or any other Person funding the Settlement on their behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason, and shall not have any liability should Claims made exceed the amount available in the Settlement Fund for payment of such Claims.  The Released Defendant Parties shall not be liable for the loss of any portion of the Settlement Fund, nor have any liability, obligation, or responsibility for the payment of Claims, Taxes and Tax Expenses, legal fees, or any other expenses payable from the Settlement Fund.

### e.   Termination of Settlement

2.13   In the event that this Stipulation is not approved or the Settlement is not approved, or is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, or otherwise does not become Final, the Settlement Fund less Notice and Administration Expenses and Taxes or Tax Expenses paid, incurred, or due and owing pursuant to ¶¶2.9 and 2.11 hereof in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from Defendants' Counsel in accordance with ¶7.4 herein.

### 3.   Preliminary Approval Order and Settlement Hearing

3.1   Promptly, and no later than three (3) business days after execution of this Stipulation, Lead Counsel shall file this Stipulation together with its Exhibits with the Court and shall move for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the

Settlement set forth in this Stipulation, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice ("Summary Notice"), substantially in the forms of Exhibits A-1 and A-3 attached hereto. Defendants will not oppose the motion. The Notice shall include the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application (defined in ¶6.1 below), and the date of the Settlement Hearing.

3.2    It shall be solely Lead Counsel's responsibility to disseminate the Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court. Class Members shall have no recourse as to the Released Defendant Parties with respect to any claims they may have that arise from any failure of the notice process.

3.3    No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq*. ("CAFA") on the appropriate Federal and State officials. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of the CAFA. Lead Counsel shall request that, after the Notice and Summary Notice to the Class is given and not earlier than ninety (90) calendar days after the later of the dates on which the appropriate Federal and State officials are provided with notice pursuant to the CAFA, the Court hold the Settlement Hearing and approve the Settlement of the Litigation as set forth herein. At or after the Settlement

Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application (defined in ¶6.1 below).

**4.    Releases**

4.1    Upon the Effective Date, Lead Plaintiffs shall, and each and every Releasing Plaintiff Party shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Claims (including Unknown Claims) against each and every one of the Released Defendant Parties, and shall forever be barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute, or maintaining in any court of law or equity, arbitration tribunal, or administrative forum any and all of the Released Claims against any and all of the Released Defendant Parties, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund.  Claims to enforce the terms of this Stipulation are not released.

4.2    Any Proof of Claim and Release that is executed by Class Members shall release all Released Claims against the Released Defendant Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3    Upon the Effective Date, each of the Released Defendant Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against Lead Plaintiffs, the Class and Lead Plaintiffs' Counsel.  Claims to enforce the terms of this Stipulation are not released.

4.4     By entering into this Stipulation, Lead Plaintiffs represent and warrant that they have not assigned, hypothecated, conveyed, transferred, or otherwise granted or given any interest in the Released Claims to any other person or entity, and the Defendants represent and warrant that they have not assigned, hypothecated, conveyed, transferred, or otherwise granted or given any interest in the Released Defendants' Claims to any other person or entity.

## 5.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund

5.1     The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require, shall administer and calculate the Claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.   The Released Defendant Parties and Defendants' Counsel shall have no responsibility, liability or obligation whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to the Releasing Plaintiff Parties, including Lead Plaintiffs, any other Class Members, or Lead Plaintiffs' Counsel, in connection with such administration, including, but not limited to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management or investment of the Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of,

the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

5.2    The Settlement Fund shall be applied as follows:

(a)    to pay all Notice and Administration Expenses;

(b)    to pay the Taxes and Tax Expenses;

(c)    to pay attorneys' fees and expenses of Lead Plaintiffs' Counsel and to pay any award to Lead Plaintiffs for their reasonable costs and expenses (including lost wages) pursuant to 15 U.S.C. §78u-4(a)(4), if and to the extent allowed by the Court (the "Fee and Expense Award"); and

(d)    after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as provided by this Stipulation, the Plan of Allocation, or the orders of the Court.

5.3    After the Effective Date, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the provisions of this Stipulation.

5.4    Within ninety (90) calendar days after (a) the mailing of the Notice, or (b) such other time as may be set by the Court, each Class Member who seeks to receive any payment pursuant to the terms of this Stipulation shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit

A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

5.5     Except as provided herein or otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will, in all other respects, be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment, and will forever be barred from bringing any action against the Released Defendant Parties concerning the Released Claims. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against Lead Plaintiffs, Lead Plaintiffs' Counsel, the Claims Administrator or any Class Member by reason of the exercise or non-exercise of such discretion.

5.6     Each Proof of Claim and Release shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine, in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to ¶5.8 below.

5.7     Proof of Claim and Release forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Proof of Claim and Release in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Proof of Claim and Release

submitted.  The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of ¶5.8 below.

5.8     If any Claimant whose timely Claim has been rejected in whole or in part for a curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶5.7 above, or a lesser period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the Claimant's request for review to the Court.

5.9     Each Class Member who declines to be excluded from the Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the Released Claims, including, but not limited to, all releases provided for herein and in the Judgment, and, to the extent applicable, any Claim submitted by such Claimant, which will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Class Member and the validity and amount of the Claimant's Claim.  In connection with processing the Proofs of Claim and Release, no discovery shall be allowed on the merits of the Litigation or the

Settlement.  All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not, in any event, delay or affect the finality of the Judgment.  All Class Members, Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

5.10    Following the Effective Date, the Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the distribution of the Net Settlement Fund, the Claims Administrator at Lead Counsel's direction shall, if feasible, redistribute such balance among Authorized Claimants who negotiated the checks sent in the initial distribution and who would receive a minimum of $10.00.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*.  Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to an appropriate non-sectarian, non-profit charitable organization(s) unaffiliated with any party or their counsel serving the public interest selected by Lead Counsel and approved by the Court.

5.11    The Released Defendant Parties shall have no responsibility, liability or obligation whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection with any of the foregoing.  No Person shall have any claim of any kind against the Released Defendant Parties with respect to the matters set forth in ¶¶5.1-5.13 hereof; and the Releasing Plaintiff Parties release the Released Defendant Parties from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

5.12    No Person shall have any claim against the Released Defendant Parties, Lead Plaintiffs, Lead Plaintiffs' Counsel or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.13    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's Claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation.

### 6.      Lead Plaintiffs' Counsel's Attorneys' Fees and Expenses

6.1      Lead Counsel may submit an application or applications (the "Fee and Expense Application") on behalf of all Lead Plaintiffs' Counsel for distribution from the Settlement Fund for:  (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest earned on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.  An application for fees and expenses may include a request for reimbursement of Lead Plaintiffs' reasonable costs and expenses in connection with their representation of the Class pursuant to 15 U.S.C. §78u-4(a)(4).  Lead Counsel reserves the right to make additional applications for fees and expenses incurred.

6.2      The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court.  Defendants shall take no position with respect to Lead Plaintiffs' Counsel's or Lead Plaintiffs' fee and expense requests.  Any fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes the Judgment and an order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof.  Lead Counsel may thereafter allocate the attorneys' fees among Lead Plaintiffs' Counsel in a manner in which it in good faith believes reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

6.3      In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or this Stipulation is

canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes Final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel, including its respective partners and/or shareholders, and such other Lead Plaintiffs' Counsel, including their law firms, partners, and/or shareholders, and Lead Plaintiffs who have received any portion of the Fee and Expense Award shall, within five (5) business days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund all such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned by the Settlement Fund in an amount consistent with such reversal, modification, cancellation or termination, and such fees and expenses shall be returned to the Settlement Fund in accordance with ¶7.4 hereof.  Any refunds pursuant to this ¶6.3 shall be the several obligation of Lead Plaintiffs' Counsel, including their law firms, partners, and/or shareholders, and Lead Plaintiffs that received fees or expenses to make appropriate refunds or repayments to the Settlement Fund.  Each such Lead Plaintiffs' Counsel or Lead Plaintiff receiving an award of fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that (a) such Person and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and (b) are severally liable for the full amount of all fees, expenses, and/or costs paid to them from the Settlement Fund together with the interest paid thereon.  Without limitation, Lead Plaintiffs' Counsel and Lead Plaintiffs and their partners, shareholders, and/or members agree that the Court may, upon application of Defendants and notice to Lead

Plaintiffs' Counsel, summarily issue orders, including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should such law firms or their partners, shareholders, or members fail to timely repay fees and expenses pursuant to this paragraph.

6.4     The procedure for and the allowance or disallowance by the Court of any applications by any Lead Plaintiffs' Counsel for attorneys' fees and expenses to be paid out of the Settlement Fund is not part of the Settlement set forth in this Stipulation, and is to be considered by the Court separate and apart from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this Settlement.  The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Lead Plaintiffs, Lead Counsel, or Lead Plaintiffs' Counsel, nor any appeals from such awards.  Any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Litigation set forth therein, or any other orders entered pursuant to the Stipulation of Settlement.

6.5     Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund.  With the sole exception of Defendants' obligation to pay or cause the Settlement Amount to be paid into the Escrow Account as provided for in ¶2.2, the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect

to, any payment of attorneys' fees and/or expenses (including Taxes) to Lead Plaintiffs' Counsel, or any other counsel or Person who receives payment from the Settlement Fund.

6.6    The Released Defendant Parties shall have no responsibility for, and no liability or obligation whatsoever with respect to, the allocation among Lead Plaintiffs' Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

6.7    The Released Defendant Parties shall have no responsibility for, and no liability or obligation whatsoever with respect to, any attorneys' fees, costs, or expenses (including Taxes) incurred by or on behalf of any Class Member, whether or not paid from the Escrow Account.

**7.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1    The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a)    the Settlement Amount has been deposited into the Escrow Account;

(b)    the Court has entered the Preliminary Approval Order, or an order substantially in the form of Exhibit A attached hereto or as may be subsequently agreed to by the Settling Parties per ¶7.3 below, directing notice to the Class, as required by ¶3.1 hereof;

(c)    Defendants have not exercised their option to terminate the Stipulation pursuant to ¶7.4 hereof;

(d)    neither Settling Party has exercised its option to terminate the Stipulation pursuant to ¶7.4 hereof;

- 34 -

(e)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto or as may be subsequently agreed to by the Settling Parties per ¶7.3 below; and

(f)     the Judgment has become Final, as defined in ¶1.14 hereof.

7.2     Upon the Effective Date, any and all remaining interest or right of the Defendants and any other Persons who contributed to the Settlement Fund in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  The Released Defendant Parties shall not have any liability, obligation, or responsibility for the payment of Claims, any Fee and Expense Award, Notice and Administration Expenses, Taxes and Tax Expenses, legal fees, or any other expenses payable from the Settlement Fund.  If the conditions specified in ¶7.1 hereof are not met, then the Settlement shall be canceled and terminated subject to ¶¶7.5-7.7 hereof unless the Settling Parties mutually agree in writing to proceed with the Settlement.  For avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel or expenses to Lead Plaintiffs shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.3     In the event the Court declines to enter the Preliminary Approval Order in substantially the form of Exhibit A attached hereto, or the Judgment in substantially the form of Exhibit B attached hereto, the Settling Parties agree to work in good faith to make appropriate modifications, as may be necessary, to the Stipulation, Notice, Summary Notice, Proof of Claim and Release, and Judgment.

- 35 -

7.4     Subject to the Settling Parties' agreement in ¶7.3, each of Lead Plaintiffs and Defendants shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within seven (7) calendar days of: (a) the Court's refusal to enter an order preliminarily approving the Settlement and/or permitting Notice of the Settlement to Class Members; (b) the Court's refusal to approve the Settlement; (c) the Court's refusal to enter the Judgment; (d) the date upon which the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, or otherwise does not become Final; or (e) the failure of the Effective Date to occur for any reason.  Defendants shall have the right to terminate the Settlement and render it null and void in the event that Persons who would otherwise be Members of the Class who purchased or otherwise acquired more than a certain number of shares of Patterson common stock subject to this Settlement exclude themselves from the Class, as set forth in a separate agreement (the "Supplemental Agreement") executed between Lead Plaintiffs and Defendants, by and through their counsel.  The Settling Parties agree to maintain the confidentiality of the Supplemental Agreement, which is being executed concurrently herewith.  The Supplemental Agreement shall not be filed with the Court unless and until the Court requires the Settling Parties to file the Supplemental Agreement or disclose its terms.  If submission of the Supplemental Agreement is ordered by the Court, the Settling Parties will seek to have the Supplemental Agreement submitted to the Court *in camera* or filed under seal, but such disclosures shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to

preserve the confidentiality of the Supplemental Agreement, particularly the threshold aggregate number of Patterson common shares.

7.5     Unless otherwise ordered by the Court, in the event this Stipulation is not approved or this Stipulation or the Settlement is terminated, or canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, or otherwise does not become Final, within seven (7) calendar days after written notification of such event is sent by Defendants' Counsel or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less Taxes, Tax Expenses and Notice and Administration Expenses which have either been disbursed pursuant to ¶¶2.9 and/or 2.11 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.9 and/or 2.11 hereof, shall be refunded by the Escrow Agent to the Persons who contributed to the Settlement Fund pursuant to written instructions from Defendants' Counsel.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund to the same Persons pursuant to written instructions from Defendants' Counsel.

7.6     In the event that this Stipulation is not approved or this Stipulation or the Settlement is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, the Settling Parties shall be restored to their respective positions in the Litigation as of August 27, 2021.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.35, 2.7-2.9, 2.11-2.13, 6.3, 7.5-7.7, 8.1, and 9.7 hereof, shall have no

further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or any Fee and Expense Award shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of this Stipulation.

7.7    If the Effective Date does not occur, or if this Stipulation is terminated pursuant to its terms, neither Lead Plaintiffs nor Lead Plaintiffs' Counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.9 or 2.11. In addition, any amounts already incurred pursuant to ¶¶2.9 or 2.11 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of this Stipulation prior to the balance being refunded in accordance with ¶¶2.13 and 7.5 hereof.

## 8.    No Admission of Liability

8.1    Neither the Settlement, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation and the Settlement, nor any proceedings, communications, drafts, documents or agreements taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)      shall constitute or be construed as an admission by Defendants as to the merits of any allegation made in the Litigation;

(b)      shall be offered or received against Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Defendants of the truth of any allegations by Lead Plaintiffs or any Member of the Class or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of Defendants or in any way referred to for any other reason as against Defendants, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(c)      shall be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of liability for any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against Lead Plaintiffs or any Member of the Class as evidence of any infirmity in the claims of Lead Plaintiffs and the Class;

(d)      shall be offered or received against Defendants as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if

- 39 -

this Stipulation is approved by the Court, Released Defendant Parties may refer to it to effectuate the releases granted them hereunder; and

(e)     shall be construed against Defendants, Lead Plaintiffs, or the Class as evidence of a presumption, concession or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement.

For the avoidance of doubt, Defendants expressly deny Lead Plaintiffs' allegations in the Litigation and all liability.

**9.     Miscellaneous Provisions**

9.1     The Settling Parties:  (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

9.2     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between the Class and the Defendants with respect to the Litigation.  The Settlement shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Judgment will contain a finding that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

9.3     Subject to the Defendants' right to deny that the claims asserted in the Litigation were meritorious, and subject to Lead Plaintiffs' right to assert that the claims asserted in the Litigation were meritorious, the Settling Parties and their counsel agree not to assert in any statement made to any media representative (whether or not for attribution) that the Litigation was commenced or prosecuted by Lead Plaintiffs or defended by Defendants in bad faith or without a reasonable basis, nor will they deny that the Litigation was commenced and prosecuted and defended in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, the Settling Parties and their counsel shall not make any accusations of wrongful or actionable conduct by any party concerning the prosecution, defenses and resolution of the Litigation, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.4     Released Defendant Parties may file this Stipulation and/or the Judgment from this action in any other action in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection under any applicable insurance policy.  The Settling Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation and/or

the Judgment.  All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

9.5    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.6    All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit attached hereto, the terms of this Stipulation shall prevail.

9.7    This Stipulation, along with its Exhibits, may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.8    This Stipulation and the Exhibits attached hereto constitute the entire agreement among the Settling Parties hereto as to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Settling Parties, including, but not limited to, the Settling Parties' Memorandum of Understanding dated August 27, 2021.  Each Settling Party expressly disclaims any reliance on any representations, warranties, or inducements concerning this Stipulation or its Exhibits, other than the representations, warranties, and covenants contained and memorialized in such documents.

9.9    Except as otherwise provided herein, or otherwise agreed to in writing by the parties hereto, each party shall bear his, her, or its own fees and costs.

9.10    Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class which it deems appropriate.

9.11    Each counsel or other Person executing this Stipulation, its Exhibits, or any related Settlement document, on behalf of any party hereto hereby warrants that such Person has the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

9.12    This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or pdf'd via e-mail shall be deemed originals.

9.13    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (i) when delivered personally to the recipient, (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid), or (iii) seven (7) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

*If to Lead Plaintiffs or to Lead Counsel:*

ROBBINS GELLER RUDMAN & DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101

SAXENA WHITE P.A.
LESTER R. HOOKER
7777 Glades Road, Suite 300
Boca Raton, FL 33434

*If to Defendants or to Defendants' Counsel:*

TAFT STETTINIUS & HOLLISTER LLP
AARON G. THOMAS
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

9.14   This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

9.15   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

9.16   The waiver by one Settling Party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other Settling Party or a waiver of any other prior or subsequent breach of this Stipulation.

9.17   Pending approval of the Court of this Stipulation and its Exhibits, all non-settlement-related proceedings in this Litigation shall be stayed and all Members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendant Parties.

9.18   This Stipulation and its Exhibits shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Minnesota and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Minnesota without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

9.19   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

9.20   This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

9.21   Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

9.22   Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated October 11, 2021.

- 45 -

SAXENA WHITE P.A.

STEVEN B. SINGER*
KYLA GRANT*
JOSHUA SALTZMAN*
10 Bank Street, 8th Floor
White Plains, NY  10606
Telephone:  914/437-8551
888/631-3611 (fax)
ssinger@saxenawhite.com
kgrant@saxenawhite.com
jsaltzman@saxenawhite.com

SAXENA WHITE P.A.
MAYA SAXENA*
JOSEPH E. WHITE, III*
LESTER R. HOOKER*
DIANNE ANDERSON PITRE *
7777 Glades Road, Suite 300
Boca Raton, FL  33434
Telephone:  561/394-3399
561/394-3382 (fax)
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com
danderson@saxenawhite.com

ROBBINS GELLER RUDMAN
  & DOWD LLP

ELLEN GUSIKOFF STEWART
JONAH H. GOLDSTEIN*
LUCAS F. OLTS*
JENNIFER N. CARINGAL*
HEATHER G. SCHLESIER*
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com
jonahg@rgrdlaw.com
lolts@rgrdlaw.com
jcaringal@rgrdlaw.com
hschlesier@rgrdlaw.com

*Co-Lead Counsel for the Class*

* = admitted *pro hac vice*

REINHARDT WENDORF & BLANCHFIELD
GARRETT D. BLANCHFIELD, JR. (#209855)
BRANT D. PENNEY (#316878)
W-1050 First National Bank Building
332 Minnesota Street
St. Paul, MN  55101
Telephone:  651/287-2100
651/287-2103 (fax)
g.blanchfield@rwblawfirm.com
b.penney@rwblawfirm.com

ROBINS KAPLAN LLP
ANNE M. LOCKNER (#295516)
800 LaSalle Avenue, Suite 2800
Minneapolis, MN  55402
Telephone:  612/349-8500
612/339-4181 (fax)
alockner@robinskaplan.com

*Co-Liaison Counsel for the Class*

- 47 -

KLAUSNER, KAUFMAN, JENSEN
    & LEVINSON
ROBERT D. KLAUSNER
7080 NW 4th Street
Plantation, FL  33317
Telephone:  954/916-1202
954/916-1232 (fax)
bob@robertdklausner.com

*Additional Counsel for Pembroke Pines Pension*
*Fund for Firefighters and Police Officers*

TAFT STETTINIUS & HOLLISTER LLP

PATRICK S. WILLIAMS
MARK G. SCHROEDER
AARON G. THOMAS
JORDAN L. WEBER
2200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2157
Telephone: 612/977-8400
612/977-8650 (fax)
pwilliams@taftlaw.com
mschroeder@taftlaw.com
athomas@taftlaw.com
jweber@taftlaw.com

*Counsel for Defendants Patterson Companies,*
*Inc. and Scott P. Anderson*

**Appendix 1**

*Plymouth County Retirement System v. Patterson Companies, Inc., et al.*,
Civ. No. 0:18-cv-00871-MJD-HB

## INDIVIDUALS WHO HAVE VALIDLY AND TIMELY REQUESTED EXCLUSION FROM THE CLASS

1. Robert and Shannon Trivelpiece
2. Carol M. Bragiel
3. Robert G. Jones
4. Linda D. Nichols Trustee and Aleda C. Nichols Trust
5. Claire H. Rivers
6. Linda J. Kennedy
7. Ling Fat

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on October 14, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List

s/ Lucas F. Olts
LUCAS F. OLTS

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: lolts@rgrdlaw.com

# Mailing Information for a Case 0:18-cv-00871-MJD-HB Plymouth County Retirement System v. Patterson Companies, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Carolyn G Anderson**
  carolyn.anderson@zimmreed.com

- **Dianne M Anderson**
  danderson@saxenawhite.com

- **Garrett D Blanchfield , Jr**
  g.blanchfield@rwblawfirm.com,k.schulte@rwblawfirm.com

- **Jennifer Caringal**
  jcaringal@rgrdlaw.com,jcaringal@ecf.courtdrive.com

- **Stephen H Cypen**
  scypen@cypen.com

- **Jonah H Goldstein**
  jonahg@rgrdlaw.com,karenc@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Kyla Janine Grant**
  kgrant@saxenawhite.com

- **June Pineda Hoidal**
  june.hoidal@zimmreed.com,julianne.vannorman@zimmreed.com,karen.colt@zimmreed.com

- **Lester R Hooker**
  lhooker@saxenawhite.com,e-file@saxenawhite.com,cwallace@saxenawhite.com

- **Robert David Klausner**
  lorna@robertdklausner.com

- **Anne M Lockner**
  alockner@robinskaplan.com,dvanalstine@robinskaplan.com,bstevens@robinskaplan.com

- **Tricia L. McCormick**
  triciam@rgrdlaw.com

- **Lucas F. Olts**
  lolts@rgrdlaw.com,E_File_SD@rgrdlaw.com,lolts@ecf.courtdrive.com,scaesar@rgrdlaw.com

- **Brant D Penney**
  b.penney@rwblawfirm.com,k.schulte@rwblawfirm.com

- **David A Rosenfeld**
  drosenfeld@rgrdlaw.com

- **Joshua Saltzman**
  jsaltzman@saxenawhite.com

- **Maya Susan Saxena**
  msaxena@saxenawhite.com,e-file@saxenawhite.com,cwallace@saxenawhite.com

- **Heather Schlesier**
  hschlesier@rgrdlaw.com,HSchlesier@ecf.courtdrive.com

- **Mark G Schroeder**
  mschroeder@taftlaw.com,awolkerstorfer@taftlaw.com,awellens@taftlaw.com

- **Steven Bennett Singer**
  ssinger@saxenawhite.com,e-file@saxenawhite.com,cwallace@saxenawhite.com

- **Aaron G Thomas**
  athomas@taftlaw.com,bmcnabb@taftlaw.com

- **Jordan Weber**
  jweber@taftlaw.com,cjstephens@taftlaw.com

- **Joseph E White , III**
  jwhite@saxenawhite.com,e-file@saxenawhite.com,cwallace@saxenawhite.com

- **Patrick S Williams**
  pwilliams@taftlaw.com,cjstephens@taftlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`