UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civ. No. 0:18-cv-00871-MJD-HB |
| | ) | CLASS ACTION |
| Plaintiffs, | ) ) | ORDER GRANTING PRELIMINARY APPROVAL PURSUANT TO FED. R. |
| vs. | ) ) | CIV. P. 23(e)(1) AND PERMITTING NOTICE TO THE CLASS |
| PATTERSON COMPANIES, INC., et al., | ) ) | |
| Defendants. | ) ) | |

WHEREAS, an action pending before this Court is styled *Plymouth County Retirement System v. Patterson Companies, Inc., et al.*, Civ. No. 0:18-cv-00871-MJD-HB (the "Litigation" or "Action");

WHEREAS, the Amended Class Action Complaint (the "Complaint") was filed in the Litigation on November 9, 2018;

WHEREAS, by Order dated September 28, 2020, the Court certified the Action to proceed as a class action on behalf of a class consisting of all person or entities who purchased or otherwise acquired Patterson Companies, Inc. common stock between June 26, 2013 and February 28, 2018, inclusive;

WHEREAS, Lead Plaintiffs, having made a motion pursuant to Federal Rule of Civil Procedure 23(e) for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement, dated October 11, 2021 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for

- 1 -

a proposed Settlement of the Litigation between the Settling Parties and for dismissal of the Litigation with prejudice upon, and subject to, the terms and conditions set forth therein;

WHEREAS, the Court having read and considered: (1) the motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith, and (2) the Stipulation and the exhibits annexed thereto;

WHEREAS, the Settling Parties having consented to the entry of this Order;

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation;[1]

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has reviewed the Stipulation and does hereby preliminarily approve the Stipulation and the Settlement set forth therein as fair, reasonable and adequate, subject to further consideration at the Settlement Hearing (as defined in ¶3 below).

2.      The Court preliminarily finds that the proposed Settlement should be approved as it: (i) is the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falls within a range of reasonableness warranting final approval; (iii) has no obvious deficiencies; (iv) involves a class that is not substantively different from the Class previously certified by the Court on September 28, 2020; and (v) warrants notice of

---

[1]   The Exhibits attached to the Stipulation filed with the Court are incorporated herein as though set forth in this Order.

the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

3.      A hearing shall be held before this Court on June 9, 2022, at 11:00 a.m. (the "Settlement Hearing"), at the Diana E. Murphy United States Courthouse, United States District Court for the District of Minnesota, 300 South Fourth Street, Minneapolis, MN 55415, to: (a) determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; (b) determine whether a Judgment as provided in ¶1.15 of the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) determine whether the proposed Plan of Allocation should be approved; (d) determine the amount of attorneys' fees, costs, charges and expenses that should be awarded to Lead Plaintiffs' Counsel and Lead Plaintiffs; (e) hear any objections by Class Members to the Settlement or Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Plaintiffs' Counsel and Lead Plaintiffs; and (f) consider such other matters the Court deems appropriate.  The Court may adjourn or change the date and time of the Settlement Hearing or decided to hold the Settlement Hearing telephonically or by videoconference without further notice to the Class, and may approve the proposed Settlement with such modifications as the Settling Parties may agree to do, if appropriate, without further notice to the Class.

4.      The Court approves the form, substance, and requirements of the Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses ("Settlement Notice") and Proof

of Claim and Release ("Claim Form"), substantially in the forms attached to the Stipulation as Exhibits A-1 and A-2, respectively.

5.      The Court approves the form of the Summary Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses ("Summary Settlement Notice"), substantially in the form attached to the Stipulation as Exhibit A-3.

6.      The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby re-appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below.

7.      Not later than February 24, 2022   (the "Notice Date"), the Claims Administrator shall cause a copy of the Settlement Notice and Claim Form, substantially in the forms attached to the Stipulation as Exhibits A-1 and A-2, to be mailed by first-class mail to all Class Members who can be identified with reasonable effort and to be posted on the case-designated website, www.PattersonSecuritiesClassAction.com.   For all Settlement Notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses.

8.      Not later than March 3, 2022, the Claims Administrator shall cause the Summary Settlement Notice to be published once in *The Wall Street Journal*, and once over a national newswire service.

9.      At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

10.     The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired Patterson common stock during the Class Period (between June 26, 2013 and February 28, 2018, inclusive) as record owners but not as beneficial owners. Such nominee purchasers are directed, within ten (10) calendar days of their receipt of the Settlement Notice, to either forward copies of the Settlement Notice and Claim Form to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Settlement Notice and Claim Form promptly to such identified beneficial owners. Nominee purchasers who elect to send the Settlement Notice and Claim Form to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Settlement Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Settlement Notice and Claim Form to beneficial owners. Any disputes with respect to the reasonableness or documentation of expenses incurred shall be subject to review by the Court.

11.     The Court finds that the form and content of the notice program described herein and the methods set forth herein for notifying the Class of the Settlement and its terms and conditions, including notice of the Fee and Expense Application and the Plan of Allocation, meet the requirements of the Federal Rules of Civil Procedure (including Rule

23), the United States Constitution (including the Due Process Clause), Section 21D(a)(7)

of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as added by the Private

Securities Litigation Reform Act of 1995, the Rules of this Court, and other applicable law,

and constitute due and sufficient notice to all Persons entitled thereto.

12.     All fees, costs, and expenses incurred in identifying and notifying Members

of the Class shall be paid from the Settlement Fund and in no event shall any of the

Released Defendant Parties bear any responsibility, liability or obligation for such fees,

costs, or expenses.

13.     All Class Members (except Persons who validly and timely requested

exclusion in response to the Notice of Pendency of Class Action provided in or around

June, 2021 or in response to the Settlement Notice being provided pursuant to this Order)

shall be bound by all determinations and judgments in the Litigation concerning the

Settlement (including, but not limited to, the releases provided for therein) whether

favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain

by any means (including, without limitation, by submitting a Claim Form or any similar

document) any distribution from the Settlement Fund or the Net Settlement Fund.

14.     Class Members who wish to participate in the Settlement shall complete and

submit a Claim Form in accordance with the instructions contained therein. Unless the

Court orders otherwise, all Claim Forms must be postmarked or submitted electronically

no later than May 25, 2022. Any Class Member who files a Claim Form shall reasonably

cooperate with the Claims Administrator, including by promptly responding to any inquiry

made by the Claims Administrator. Any Class Member who does not submit a Claim Form

within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall in all other respects be bound by the terms of the Stipulation and by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby. No person shall have any claim against Lead Plaintiffs, Lead Plaintiffs' Counsel, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted Claims.

15.     The Claim Form submitted by each Class Member must: (i) be properly completed, signed and submitted in a timely manner in accordance with the preceding paragraph; (ii) be accompanied by adequate supporting documentation for the transactions reported in it, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, include a certification of his or her current authority to act on behalf of the Claimant; (iv) be complete and contain no deletions or modifications of any of the printed matter contained therein; and (v) be signed under penalty of perjury. As part of the Claim Form, each Claimant shall submit to the jurisdiction of the Court with respect to the Claim submitted.

16.     Any Class Member that opts out of the Class or otherwise has settled claims with Defendants for claims arising out of the conduct alleged in the Litigation is hereby enjoined from submitting a Claim Form or having another person or entity submit a Claim Form on its behalf.

17.     Any Member of the Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice.  Any Member of the Class who or which does not enter an appearance will be represented by Lead Counsel.

18.     Any Person who purchased or otherwise acquired Patterson common stock during the Class Period may, upon request, be excluded or "opt out" of the Class.  Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is postmarked no later than May 19, 2022.  A Request for Exclusion must: (i) provide the name, address, and telephone number of the Person requesting exclusion; (ii) list the number of shares of Patterson common stock purchased or acquired, the date of each purchase or acquisition of Patterson common stock, and the price paid for any purchase or acquisition of Patterson common stock between June 26, 2013 and February 28, 2018, inclusive; and (iii) state that the Person wishes to be excluded from the Class.  The Request for Exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.  All Persons who submitted a Request for Exclusion in connection with the Notice of Pendency or who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Settlement Notice shall have no rights under the

Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final Judgment.  Unless otherwise ordered by the Court any Person who purchased or acquired Patterson common stock during the Class Period who does not timely request exclusion from the Class shall be deemed to have waived his, her, or its right to be excluded from the Class, and shall be barred from requesting exclusion from the Class in this or any other proceeding.

19.     Lead Counsel or the Claims Administrator shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, promptly upon receipt and as expeditiously as possible, but in no event later than five (5) business days of receipt thereof, and in any event, not less than fourteen (14) calendar days prior to the Settlement Hearing.

20.     As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq*. ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court.  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of the CAFA.

21.     Any Member of the Class may appear at the Settlement Hearing and object if he, she, or it has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable and adequate, why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why attorneys' fees, together with

costs, charges and expenses should not be awarded; provided that any such Class Member

(or any other Person) files objections and copies of any papers and briefs with the Clerk of

the United States District Court for the District of Minnesota and mails copies thereof by

first-class mail to Robbins Geller Rudman & Dowd LLP, Ellen Gusikoff Stewart, 655 West

Broadway, Suite 1900, San Diego, CA 92101; Saxena White P.A., Lester R. Hooker, 7777

Glades Road, Suite 300, Boca Raton, FL 33434; and to Taft Stettinius & Hollister LLP,

Aaron G. Thomas, 2200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, no

later than May 19, 2022. Any Member of the Class who does not make his, her, or its

objection in the manner provided shall be deemed to have waived such objection and shall

forever be foreclosed from making any objection to the fairness, reasonableness or

adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of

Allocation, or to the award of fees, costs, charges and expenses to Lead Plaintiffs' Counsel

or Lead Plaintiffs, unless otherwise ordered by the Court. Attendance at the Settlement

Hearing is not necessary. However, Persons wishing to be heard orally in opposition to

the approval of the Settlement, the Plan of Allocation, and/or the application for an award

of fees, costs, charges and expenses are required to indicate in their written objection their

intention to appear at the hearing and to include in their written objections the identity of

any witnesses they may call to testify and copies of any exhibits they intend to introduce

into evidence at the Settlement Hearing. Class Members do not need to appear at the

Settlement Hearing or take any other action to indicate their approval.

22.     Any objections, filings, and other submissions by an objecting Class Member

must: (i) state the name, address and telephone number of the Person objecting and must

be signed by the objector; (ii) contain a statement of the Class Members' objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objections apply only to the objector, a specific subset of the Class, or to the entire Class; and (iii) include documents sufficient to prove membership in the Class, including the objecting Class Member's purchases, acquisitions, and/or sales of Patterson common stock during the Class Period, the dates, the number of shares purchased, acquired, or sold, and the price paid or received for such purchase, acquisition, or sale.  The Court will consider a Class Member's objection only if the Class Member has complied with the above requirements.

23.     Any Class Member who does not object to the Settlement, the Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees, costs, charges and expenses in the manner prescribed herein and in the Settlement Notice shall be deemed to have waived such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, this Order and the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Lead Counsel for an award of attorneys' fees together with costs, charges and expenses.

24.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court until such time as such funds are either distributed or returned pursuant to the Stipulation and/or further order(s) of the Court.

25.     All papers in support of the Settlement, Plan of Allocation, and any application by Lead Plaintiffs' Counsel for attorneys' fees, costs, charges and expenses shall be filed and served no later than May 5, 2022, and any reply papers shall be filed and served no later than June 2, 2022.

26.     The Released Defendant Parties shall have no responsibility, liability or obligation for the Plan of Allocation or any application for attorneys' fees, costs, charges or expenses submitted by Lead Plaintiffs' Counsel, and such matters will be considered by the Court separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating solely to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating solely thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment and the settlement of the Litigation.

27.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees, costs, charges and expenses, should be approved.  The Court reserves the right to enter the Judgment finally approving the Settlement regardless of whether it has approved the Plan or Allocation of awarded attorneys' fees and/or costs, charges and expenses.

28.     All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the Court does not approve the Settlement, or the Settlement otherwise fails to become effective, neither Lead Plaintiffs nor Lead Plaintiffs' Counsel nor the Claims

Administrator shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶2.9 or 2.11 of the Stipulation.

29.     This Order and the Stipulation (including any of their respective terms or provisions), any of the negotiations, discussions, proceedings connected with them, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement or this Order, may not be construed as an admission or concession by the Released Defendant Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, and may not be offered or received in evidence (or otherwise used by any person in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal) except in connection with any proceeding to enforce the terms of the Stipulation or this Order.  The Released Defendant Parties, Lead Plaintiffs, Class Members, and each of their counsel may file the Stipulation, and/or this Order, and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

30.     All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.  Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiffs nor any Class Member, either directly, representatively, or in

any other capacity shall commence or prosecute any of the Released Claims against any of the Released Defendant Parties in any action or proceeding in any court or tribunal.

31.     The Court reserves the right to alter the time or the date of the Settlement Hearing or to hold the hearing via video or telephone without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

32.     If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereto (except as expressly provided in the Stipulation, and this Order) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Settling Parties.  In any such event, the Settling Parties shall be deemed to have reverted to their respective litigation positions as of August 27, 2021.

IT IS SO ORDERED.

DATED   February 3, 2022          s/Michael J. Davis
                                  MICHAEL J. DAVIS
                                  UNITED STATES DISTRICT COURT